WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher John Benedetto, | No. CV-14-0033-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Arizona, State of, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Fourth Amended Habeas Petition. (Doc. 14). The Magistrate Judge to whom this case was assigned, issued a Report and Recommendation (R&R) (Doc. 28) recommending that the Fourth Amended Habeas Petition be denied by this Court. Preliminarily, the Court will review the procedural posture of this case.

In the Order in which this Court permitted the filing and service of the Fourth Amended Habeas Petition (Doc. 13), this Court dismissed Ground Four of the Petition because it was based on an alleged error of state law which is not cognizable on Federal habeas review. *See* 28 U.S.C. § 2254(a). Petitioner sought an interlocutory certificate of appealability on this issue. (Doc. 24). The Magistrate Judge denied this motion. (Doc. 25). Petitioner then refiled this Motion with the Ninth Circuit Court of Appeals, which transferred this motion to this Court. (Doc. 29). While this Motion was pending, Petitioner proceeded to file an interlocutory appeal with the Ninth Circuit Court of Appeals. (Doc. 32). The Ninth Circuit Court of Appeals dismissed the interlocutory

appeal. (Doc. 34).

Thus, still pending before this Court is both a request to obtain an interlocutory certificate of appealability on the dismissal of Ground Four (Doc. 29) and a request to proceed in forma pauperis on the interlocutory appeal (Doc. 30). After both of these were filed, the Magistrate Judge issued the R&R that is now pending before this Court. (Doc. 28). Petitioner did not file objections to the R&R. Petitioner did renew his request for a certificate of appealability and for leave to proceed in forma pauperis on all grounds raised in his Fourth Amended Habeas Petition, including previously dismissed Ground Four. (Doc. 31). Because the Court will proceed to the final determination of this case, the Court will deny the requests related to an interlocutory appeal as moot.

As indicated above, Petitioner did not file objections to the R&R. This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D.Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

Thus, the Court accepts and adopts the R&R on Grounds One through Three of the Fourth Amended Habeas Petition. However, the Court will consider the request for a certificate of appealability de novo because Petitioner filed a separate motion on that

issue which the Court will construe as an objection to the R&R on that issue.

A judge may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Here, Ground Four failed to state a constitutional claim, and was denied for this reason. Ground One was denied for both a procedural reason and a merits reason. Ground Two was denied on the merits. And, Ground Three was denied because it failed to state a constitutional challenge, was not exhausted as a federal claim in the state courts, and on the merits. The Court has considered all of these reasons for denial of Petitioner's claims and finds that jurists of reason would not find this Court's procedural rulings nor this Court's assessment of the constitutional claims debatable or wrong. Accordingly, a certificate of appealability will be denied.

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 28) is accepted and adopted. The Fourth Amended Habeas Petition (Doc. 14) is denied and dismissed with prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Petitioner's motion for certificate of appealability and to proceed in forma pauperis on appeal (Doc. 31) is denied.

**IT IS FINALLY ORDERED** that Petitioner's motions for an interlocutory certificate of appealability and to file an interlocutory appeal in forma pauperis (Docs. 29

1  and 30) are denied as moot.
2       Dated this 1st day of April, 2015.

James A. Teilborg
Senior United States District Judge